IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

HASTINGS MUTUAL INSURANCE COMPANY,

      Plaintiff,                                      Case No. 4:22-cv-296

v.

CLAAS SELBSTFAHRENDE ERNTEMASCHINEN GMBH,
and ZIEGLER, INC.

      Defendants.

## COMPLAINT

Plaintiff Hastings Mutual Insurance Company, for its complaint against the above-named defendants, states:

## PARTIES

1. Plaintiff Hastings Mutual Insurance Company ("Hastings") is a foreign company licensed to sell insurance in the State of Iowa.  Its place of incorporation is the State of Michigan. Its principal place of business where its officers direct, control, and coordinate the corporation's activities is located at 404 E. Woodlawn Avenue, Hastings, Michigan.

2. Defendant CLAAS Selbstfahrende Erntemaschinen GmbH ("Claas") is a foreign business. Its place of incorporation is Germany. Its principal place of business where its officers direct, control, and coordinate the corporation's activities is located at Muhlenwinkel 1, 33428 Harsewinkel, Nordrhein-Westfalen, Germany.

3. Defendant Ziegler, Inc. ("Ziegler") is a foreign business. Its place of incorporation is the State of Minnesota. Its principal place of business where its officers direct, control, and coordinate the corporation's activities is located at 901 West 94th Street, Bloomington,

Minnesota. Its registered agent for service of process is CT Corporation System, 400 East Court Avenue, Des Moines, Iowa.

## JURISDICTION AND VENUE

4.  The amount in controversy exceeds $75,000.00, exclusive of interests and costs

5.  This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332. Complete diversity of citizenship exists between the plaintiff and the defendants. Hastings is incorporated in, a resident of, and controls its business from, Michigan. Claas is incorporated in, is a resident of, and controls its business from, Germany. Ziegler is incorporated in, and controls its business from, Minnesota.

6.  The Court has personal jurisdiction over the defendants because Claas and Ziegler's extensive business dealings in the State of Iowa meet the "minimum contacts" requirement established by *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, et al.*, 326 U.S. 310 (1945).

7.  Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to this claim, and the property involved, were located in Keokuk County, Iowa.

## FACTS

### *The purchase of the combine*

8.  On November 28, 2017, a representative of Ziegler traveled to the farm of Lyle G. Molyneux & Sons, Inc., ("Molyneux") in What Cheer, Iowa, to discuss the potential sale of a new Claas Lexion 760TT Combine ("the combine").

9.  During this discussion, the Ziegler employee presented John Molyneux with a Specifications sheet that he had prepared. That specifications sheet is attached as Exhibit A. It states that the sale of the machine would include a "1 Year Full Machine Warranty."  However:

 a. The Specifications sheet did not disclaim any statutory implied warranty.

 b. The Specifications sheet (page 2) references "Caterpillar products" and "the applicable Caterpillar warranty."  The combine is not a Caterpillar product and there is no basis to believe that Caterpillar warranted a combine manufactured by a competitor.

 c. No warranty of any kind was attached to this Specification sheet.

10. On January 4, 2018, John Molyneux decided to accept the offer as stated in the Specification sheet, and he purchased the combine from Ziegler.  Molyneux's purchase of the combine occurred when he made a telephone call to Ziegler and purchased the combine over the phone.

11. In response to the sale of the combine to Molyneux, Ziegler ordered the combine from Claas. Zeigler also completed the New Purchase Agreement attached as Exhibit B.  The New Purchase Agreement is signed by the Ziegler sales person, but it is not signed by Molyneux because the sale was made by telephone, and no one ever showed the New Purchase Agreement to Molyneux until seven months later.

12. Pursuant to Molyneux's purchase, Claas manufactured the combine.

13. Thereafter, on July 19, 2018, a separate company (Claas Financial Services, LLC) produced financing documents attached as Exhibit C. These documents affirm that Molyneux had already purchased the combine by that time.

14. The sale of the combine from Ziegler to Molyneux was subject to Iowa Code §554.2314. Implied in the sale of the combine was a warranty that the combine was merchantable, and that the combine was fit for the ordinary purposes for which such goods are used.

*The failed attempt to disclaim the implied warranty of merchantability*

15. On August 9, 2018, Ziegler delivered the combine to Molyneux's farm. It was at this time that Ziegler first showed Molyneux the written New Purchase Agreement and financing documents.

16. A representative of Molyneux signed the New Purchase Agreement and financing documents on August 9, 2018. The fully signed version of the New Purchase Agreement is attached as Exhibit D.

17. The New Purchase Agreement attempts to disclaim the implied warranty of merchantability. However, as the United States District Court for the Northern District of Iowa recently recognized in *West Side Transport, Inc., v Cummins, Inc*., case 19-CV-133, 2021 WL 6144664, a seller cannot rely on a disclaimer of an implied warranty when that disclaimer is not presented until after the sale.

<u>*The fire and resulting damages*</u>

18. On November 2, 2020, the combine spontaneously combusted, causing a fire.

19. The fire was a sudden and dangerous occurrence. As the Iowa Supreme Court stated in *American Fire and Casualty Co. v. Ford Motor Company*, 588 N.W.2d 437, when a Ford pickup truck spontaneously combusted, "Fire has been characterized as a 'sudden and highly dangerous occurrence.'"

20. Because the fire was a sudden and dangerous occurrence caused by a defect in the product itself, the resulting damages were not economic loss.

21. The fire destroyed not only the combine, but also destroyed other property, namely a Lexion 16-30 corn head.

22. At the time of the fire, the combine and the corn head were insured by Hastings. The damages caused by the fire totaled $466,048.00 ($368,182.00 to the combine; $97,866.00 to

the corn head). As required by, and pursuant to, its policy of insurance, Hastings paid

Molyneux $461,048.00 (the total damages, less Monlyneux's $5,000 deductible), and is

subrogated to the rights of Molyneux to the extent of the payments.

23. Hastings received a total of $9,800.00 in salvage payments, leaving a net claim of

$456,248.00.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE CLAIM AGAINST CLAAS

24. Hastings incorporates the preceding paragraphs herein by reference.

25. Claas owed Molyenux a duty to use reasonable care when it designed the combine.

26. Claas breached its duty in the following and other ways:

    a.   It failed to use reasonable care in the design of the brake system, so as to prevent field

       debris from building up between the rotor and caliper.

27. Claas's breach of its duty was a cause of the fire and resulting damages.


## SECOND CAUSE OF ACTION:
## STRICT PRODUCT LIABILITY CLAIM AGAINST CLAAS

28. Hastings incorporates the preceding paragraphs herein by reference.

29. The fire was caused by a design defect in the combine. Specifically, it has an open brake

    system that allows field debris to build up between the brake rotor and caliper.

30. The design defect existed at the time the combine left the control of Claas.

31. Reasonable design alternatives exist.

32. Molyneux used the combine in a reasonable and foreseeable manner consistent with all

    instructions and warnings provided to him.

33. The design defect was a cause of the fire and resulting damages.

### THIRD CAUSE OF ACTION:
### BREACH OF IMPLIED WARRANTY CLAIM AGAINST ZIEGLER

34. Hastings incorporates the preceding paragraphs herein by reference.

35. The combine was not "merchantable," as that term is defined by Iowa Code §554.2314. The design defect resulted in the combine not being fit for the ordinary purposes for which combines are used.

36. The combined breached the implied warranty of merchantability.

37. Hastings gave notification to Ziegler of the fire and claim for breach of implied warranty of merchantability.

38. As a result of the breach, Hastings is entitled to recover from Ziegler:

   a. The difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted (Iowa Code §554.2714, ¶2); and

   b. Injury to person or property proximately resulting from any breach of warranty (Iowa Code §554.2715, ¶2.b.).

   WHEREFORE, Hastings Mutual Insurance Company demands judgment against the defendants, jointly and severally, in an amount to be determined, plus prejudgment interest, all taxable costs and fees, and all other just and equitable relief.

Dated: September 8, 2022.           DUTTON, DANIELS, HINES, KALKHOFF,
COOK & SWANSON, PLC
Attorneys for Hastings Mutual Insurance Company

*/s/ Joshua M. Moon*
Joshua M. Moon, AT 0011013
3151 Brockway Road
Waterloo, IA 50701
Tel. (319) 234-4471
Fax (319) 234-8029
jmoon@duttonfirm.com